UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL T. WHITE, | ) | No. CV 08-8389-RC |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Michael T. White filed a complaint on December 24, 2008, seeking review of the Commissioner's decision denying his applications for disability benefits. On May 20, 2009, the Commissioner answered the complaint, and the parties filed a joint stipulation on July 6, 2009.

**BACKGROUND**

On May 15, 2006, plaintiff, who was born April 18, 1966, applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act, claiming an inability to work since September 27, 2004, due to back problems and impaired vision.

Certified Administrative Record ("A.R.") 117, 162-66, 169. The plaintiff's applications were initially denied on December 22, 2006, and were again denied on June 4, 2007, following reconsideration. A.R. 126-36. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge John C. Tobin ("the ALJ") on April 9, 2008. A.R. 74-109. On April 26, 2008, the ALJ issued a decision finding plaintiff is not disabled. A.R. 114-25, 137. The plaintiff appealed this decision to the Appeals Council, which denied review on October 30, 2008. A.R. 1-5.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

1    The Commissioner has promulgated regulations establishing a five-
2 step sequential evaluation process for the ALJ to follow in a
3 disability case.  20 C.F.R. §§ 404.1520, 416.920.  In the **First Step**,
4 the ALJ must determine whether the claimant is currently engaged in
5 substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).
6 If not, in the **Second Step**, the ALJ must determine whether the
7 claimant has a severe impairment or combination of impairments
8 significantly limiting him from performing basic work activities.  20
9 C.F.R. §§ 404.1520(c), 416.920(c).  If so, in the **Third Step**, the ALJ
10 must determine whether the claimant has an impairment or combination
11 of impairments that meets or equals the requirements of the Listing of
12 Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20
13 C.F.R. §§ 404.1520(d), 416.920(d).  If not, in the **Fourth Step**, the
14 ALJ must determine whether the claimant has sufficient residual
15 functional capacity despite the impairment or various limitations to
16 perform his past work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If not,
17 in **Step Five**, the burden shifts to the Commissioner to show the
18 claimant can perform other work that exists in significant numbers in
19 the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).
20
21    Applying the five-step sequential evaluation process, the ALJ
22 found plaintiff has not engaged in substantial gainful activity since
23 his alleged onset date, September 27, 2004.  (Step One).  The ALJ then
24 found plaintiff "has the following severe impairments:  left eye
25 blindness, history of sickle cell retinopathy and vitreous
26 hemorrhaging in the right eye status post[-]laser treatment,
27 degenerative disc disease of the lumbar spine, and adverse side
28 effects from pain medication" (Step Two); however, he does not have an

3

1 impairment or combination of impairments that meets or equals a
2 Listing. (Step Three). The ALJ next determined plaintiff is unable
3 to perform his past relevant work. (Step Four). Finally, the ALJ
4 determined plaintiff can perform a significant number of jobs in the
5 national economy; therefore, he is not disabled. (Step Five).

**II**

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift)."). Here, the ALJ found plaintiff has the RFC to:

> lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 4 hours in an 8-hour workday, sit 4 hours in an 8-hour workday, a need to change positions from sitting, standing or walking every ½ an hour, occasional stooping, kneeling, crouching and crawling, he has only monocular vision (vision in one eye) and as a result depth perception is limited to occasional, and secondary to pain and pain medications he has between mild and mild-to-moderate limitation in attention, concentration, understanding and memory.

A.R. 120. However, plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence because the ALJ erroneously

4

determined he was not a credible witness.  The plaintiff is correct.

At the administrative hearing,[1] plaintiff testified that he has constant lower back pain, which sometimes spreads down his legs.  A.R. 81, 179-81.  He further testified that he can sit for only about 10 minutes before having to get up and move around, and stand for only about 10 minutes before having to change positions.  A.R. 82-83.  The plaintiff also stated that after changing positions approximately three times, he needs to lie down and rest, and he lies down at least two to three hours a day.  A.R. 82-83.  Further, plaintiff stated he can walk approximately 100 feet outside his home and he is able to drive.  A.R. 83, 181.

Once a claimant has presented objective evidence that he suffers from an impairment that could cause pain or other nonexertional limitations,[2] the ALJ may not discredit the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence."  Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d

---

[1] After the ALJ issued his decision denying plaintiff benefits, plaintiff submitted additional medical records to the Appeals Council.  A.R. 316.  Since "the Appeals Council affirmed the decision of the ALJ denying benefits to [the plaintiff, the additional] evidence is part of the record on review to this court."  Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.), cert. denied, 519 U.S. 881 (1996); Vasquez, 572 F.3d at 595 n.7.

[2] "While most cases discuss excess pain testimony rather than excess symptom testimony, rules developed to assure proper consideration of excess pain apply equally to other medically related symptoms."  Swenson v. Sullivan, 876 F.2d 683, 687-88 (9th Cir. 1989).

1 882, 885 (9th Cir. 2004). Thus, if the ALJ finds the claimant's
2 subjective complaints are not credible, he "'must provide specific,
3 cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968,
4 972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625,
5 635 (9th Cir. 2007). Furthermore, if there is medical evidence
6 establishing an objective basis for some degree of pain and related
7 symptoms, and no evidence affirmatively suggesting that the claimant
8 is malingering, the ALJ's reasons for rejecting the claimant's
9 testimony must be "clear and convincing." Morgan v. Comm'r of the
10 Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Vasquez, 572 F.3d
11 at 591 (9th Cir. 2009).

13 Here, the ALJ found plaintiff's "statements concerning the
14 intensity, persistence and limiting effects of [his] symptoms are not
15 credible to the extent they are inconsistent with the [RFC] assessment
16 . . ." because his "subjective complaints and alleged limitations[:
17 (a)] are out of proportion to the objective findings . . . [and t]here
18 is no evidence of severe disuse muscle atrophy that would be
19 compatible with the claimant's alleged inactivity and inability to
20 function"[; and (b)] "[t]here is no evidence of ongoing treatment for
21 back pain or use of an assistive device for ambulation . . ." and
22 "[i]t is reasonable to assume that if the claimant were experiencing
23 the disabling problems alleged, he would have received more aggressive
24 treatment."[3] A.R. 123. However, these reasons for finding plaintiff

---

26 [3] The ALJ found plaintiff not credible because: (a)
"[t]here is no evidence of eye treatment since March 2006, and no
27 evidence of use of psychiatric medication or mental health
treatment"; and (b) plaintiff's claim of a "disabling vision
28 impairment" is not credible because plaintiff "drives

6

was not credible are not supported by substantial evidence.

First, the ALJ's adverse credibility findings were based on an incomplete record that did not include the clinical, objective evidence submitted to the Appeal Council showing plaintiff does, in fact, have back injuries severe enough to warrant his treating physician recommend surgery. A.R. 21-73. For instance, a lumbar CT Scan performed on November 17, 2005, showed plaintiff has, among other problems, a 3-4 mm. posterior disc protrusion at L4-L5 with moderate to severe central canal stenosis, hypertrophic facet joints, and ligamentum flavum hypertrophy with mild bilateral neural foraminal stenosis. A.R. 21-22. Similarly, a lumbar spine MRI performed on January 4, 2005, was "significant for disc protrusion at L4-5 with moderate to severe central canal stenosis as well as mild bilateral foraminal stenosis." A.R. 26, 42.

Second, the absence of atrophy alone does not provide a basis for rejecting a claimant's pain testimony. See, e.g., Miller v. Sullivan, 953 F.2d 417, 422-23 (8th Cir. 1992) ("[A]lthough muscle deterioration may result from disuse, disabling pain does not always result in muscle disuse. Therefore, the ALJ cannot discount [claimant's] claim simply because she does not show an effect that other people suffering from disabling pain may show.").

---

occasionally and there is no evidence of any restriction on his driver's license, other than use of glasses." A.R. 123. Since plaintiff testified that his back pain prevents him from working, these findings regarding plaintiff's eyes and mental health do not support an adverse credibility determination, and the Court will not address them.

7

1    Third, the complete record shows plaintiff has received ongoing
2 medical treatment for his back pain, including multiple prescriptions
3 for pain medications, physical therapy, epidural and lumbar facet
4 injections, as well as two recommendations for lumbar spine surgery
5 after conservative treatment failed to alleviate plaintiff's pain.
6 A.R. 21-73.  In fact, even at the administrative hearing, plaintiff
7 testified he attends physical therapy and was waiting for approval to
8 see a pain management specialist.  A.R. 81.

10    Additionally, the ALJ found plaintiff was not credible because
11 "[t]he record does not show adverse medication side effects, as
12 alleged by [him] and his representative."  A.R. 123.  Although "[a]n
13 ALJ is clearly allowed to consider . . . the lack of side effects from
14 prescribed medications" in assessing a claimant's credibility, Orteza,
15 50 F.3d at 750; Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir.
16 2001), the record does not support this adverse finding.  Rather,
17 plaintiff testified at the administrative hearing that Vicodin upsets
18 his stomach and makes him feel anxious, A.R. 79-80, and the medical
19 records submitted to the Appeals Council show plaintiff "was treated
20 with multiple medications, which did upset his stomach."  A.R. 41,
21 205.  For all these reasons,[4] the ALJ's grounds for discrediting
22 plaintiff's credibility are not clear and convincing since they are
23 not supported by substantial evidence, Reddick, 157 F.3d at 724; thus,

---

[4] Since the ALJ did not state that his adverse credibility determination was based on the finding that plaintiff was magnifying his symptoms, as suggested by a consulting orthopedic examiner, see A.R. 123, the Court need not consider whether this finding, without more, could support the ALJ's adverse credibility determination.

8

substantial evidence does not "support the ALJ's step-five determination." Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007).

### III

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). Here, since the ALJ provided "insufficient findings as to whether [plaintiff's] testimony should be credited as true," remand is the appropriate remedy. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). Moreover, remand is appropriate here because the ALJ did not have the opportunity to consider the additional medical records plaintiff presented to the Appeals Council. Vasquez, 572 F.3d at 596-97; see also Harman, 211 F.3d at 1180 ("While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that [claimant] is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to
//

9

rebut and the [vocational expert] then may answer questions with respect to the additional evidence.").

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  January 27, 2010   /S/ ROSALYN M. CHAPMAN
                          ROSALYN M. CHAPMAN
                          UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-8389.mdo
1/27/10